1  JOHNSON & PHAM, LLP
   Christopher D. Johnson, SBN: 222698
2         E-mail: cjohnson@johnsonpham.com
   Christopher Q. Pham, SBN: 206697
3         E-mail: cpham@johnsonpham.com
   Marcus F. Chaney, SBN: 245227
4         E-mail: mchaney@johnsonpham.com
   6355 Topanga Canyon Boulevard, Suite 326
5  Woodland Hills, California 91367
   Telephone:  (818) 888-7540
6  Facsimile:   (818) 888-7544

7  Attorneys for Plaintiff
   ADOBE SYSTEMS INCORPORATED
8

9                          UNITED STATES DISTRICT COURT

10                        NORTHERN DISTRICT OF CALIFORNIA

11

12 | ADOBE SYSTEMS INCORPORATED, a Delaware Corporation, | Case No.: |
|---|---|
| Plaintiff, | **COMPLAINT FOR DAMAGES:** |
| v. | **(1) FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114 / Lanham Act §32(a)];** |
| MY CHOICE SOFTWARE, LLC, a California Limited Liability Company; and DOES 1-10, Inclusive, | **(2) FALSE DESIGNATION OF ORIGIN / FALSE OR MISLEADING ADVERTISING / UNFAIR COMPETITION [15 U.S.C. §1125(a) / Lanham Act §43(a)];** |
| Defendants. | **(3) TRADEMARK DILUTION [15 U.S.C. §1125(c)];** |
| | **(4) FEDERAL COPYRIGHT INFRINGEMENT [17 U.S.C. §501(a)];** |
| | **(5) UNLAWFUL / UNFAIR / FRAUDULENT BUSINESS PRACTICES [California Business & Professions Code §17200];** |
| | **(6) BREACH OF CONTRACT** |
| | [DEMAND FOR JURY TRIAL] |

- 1 -
**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Adobe Systems Incorporated (hereinafter "Plaintiff") hereby files its Complaint for Damages against Defendant My Choice Software, LLC (hereinafter "My Choice Software") and Does 1-10, inclusive (collectively "Defendants").

**PARTIES**

1. Plaintiff is now, and was at the time of the filing of this Complaint and at all intervening times, a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business in San Jose, California.

2. Plaintiff is informed and believes that Defendant My Choice Software, is now, and was at the time of the filing of this Complaint and at all intervening times, a limited liability company duly organized and existing under the laws of the State of California with its principal place of business in Mission Viejo, California.

3. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein named as Does 1-10, inclusive, are unknown to Plaintiff. Plaintiff therefore sues said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this pleading accordingly.

4. Plaintiff further alleges that Defendant My Choice Software, and Does 1-10, inclusive, sued herein by fictitious names are jointly, severally and concurrently liable and responsible with the named Defendants upon the causes of action hereinafter set forth.

5. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein Defendant My Choice Software, and Does 1-10, inclusive, and each of them, were the agents, servants and employees of every other Defendant and the acts of each Defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

**JURISDICTION**

6. This Court has Federal subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1338(a) and (b), in that the case arises out of claims for trademark infringement, false designation of origin / false or misleading advertising / unfair competition

1   and dilution under the Lanham Act (15 *U.S.C.* §1051 *et seq.*), and copyright infringement under
2   17 U.S.C. §501(a).

3       7.    This Court has supplemental jurisdiction pursuant to 28 U.S.C. §§1367(a) and
4   1338 (a)(b).

5       8.    Venue is proper, *inter alia*, pursuant to 28 U.S.C. §1391(b) because on
6   information and belief, a substantial part of the events or omissions giving rise to the claim
7   occurred in this judicial district, and has caused damages to Plaintiff in this district.

8       9.    This Court has personal jurisdiction over Defendants since Defendants have
9   committed acts of infringement and unfair competition in this district and Defendants have
10  sufficient minimum contacts with this district to such that the exercise of jurisdiction over
11  Defendants by this Court does not offend traditional notions of fair play and substantial justice.
12  Among other things, Defendants have advertised, offered to sell and sold unauthorized and
13  counterfeit software products that infringe the trademarks and copyrights of Plaintiff within the
14  State of California.

15      10.    Personal jurisdiction exists over Defendants because on information and belief,
16  Defendants conduct business in California and in this judicial district, have purposefully directed
17  action to California and this district, or have otherwise availed themselves of the privileges and
18  protections of the laws of the State of California, such that this Court's assertion of jurisdiction
19  over Defendants does not offend traditional notions of fair play and due process.

20      11.    Additionally, supplemental jurisdiction exists over Defendants because, on
21  information and belief, Defendants conduct business in California and in this judicial district,
22  and have purposefully directed action to California and this district, or have otherwise availed
23  themselves of the privileges and protections of the laws of the State of California, such that this
24  Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play
25  and due process.

## INTRADISTRICT ASSIGNMENT

27      12.    Pursuant to Rule 3-2(c) of the Local Rules of Practice in Civil Proceedings before
28  the United States District Court for the Northern District of California ("Civil L.R.") and the

- 3 -
**COMPLAINT FOR DAMAGES**

Court's Assignment Plan, this is an Intellectual Property Action to be assigned on a district wide-basis.

13. Assignment to the San Jose Division would nonetheless be appropriate pursuant to Civil L.R. 3-2(e) because a substantial part of the events that give rise to Plaintiff's claims against Defendants occurred in Santa Clara County, California, where Plaintiff's principal place of business is located.

## GENERAL ALLEGATIONS

### Plaintiff and its Famous ADOBE® Software Products

14. Plaintiff is a global leader in developing and distributing innovative computer software. Its products and services offer developers and enterprises tools for creating, managing, delivering and engaging with compelling content across multiple operating systems, devices and media. The software industry is competitive, and Plaintiff undertakes great expense and risk in conceiving, developing, testing, manufacturing, marketing, and delivering its software products to consumers. Software piracy undermines Plaintiff's investment and creativity, and misleads and confuses consumers.

15. The success of Plaintiff's ADOBE® and ACROBAT® products and services is due in part to Plaintiff's marketing and promotional efforts. These efforts include advertising and promotion through Plaintiff's websites, print and other internet-based advertising, among other efforts. Plaintiff has spent substantial time, money and effort in building up and developing consumer recognition, awareness and goodwill in its ADOBE® and ACROBAT® products, services and marks.

16. The success of the ADOBE® ACROBAT® software and other products and services related thereto is not due to Plaintiff's promotional efforts alone. Rather, the popularity of ADOBE® is also due in part to consumers, and the word of mouth buzz consumers have generated.

17. As a result of Plaintiff's efforts, the quality of Plaintiff's products, and the promotion and word of mouth buzz, the ADOBE® and ACROBAT® marks and the ADOBE® ACROBAT® software, products, and services have been prominently placed in the minds of the

public. Consumers, purchasers and the members of the public have become familiar with the Plaintiff's software and other products and services, and have come to recognize the ADOBE® and ACROBAT® marks, products and services and associate them exclusively with Plaintiff – Plaintiff has acquired a valuable reputation and goodwill among the public as a result of such association. Indeed, the ADOBE® and ACROBAT® marks are famous in the United States.

18. While Plaintiff has gained significant common law trademark and other rights in its ADOBE® and ACROBAT® products and services through its use, advertising and promotion, Plaintiff has also protected its valuable rights by filing for and obtaining federal trademark and copyright registrations.

19. Plaintiff has secured registrations for its ADOBE® and ACROBAT® trademarks with the United States Patent and Trademark Office. A non-exhaustive list of Plaintiff's trademark registrations is attached hereto as **Exhibit A**.

20. Similarly, Plaintiff's ADOBE® software is copyrightable subject matter, and Plaintiff has secured registrations for its copyrightable ADOBE® ACROBAT® software, among others, with the United States Copyright Office. A non-exhaustive list of Plaintiff's copyright registrations is attached hereto as **Exhibit B**.

21. Particularly in light of the success of Plaintiff and Plaintiff's products as well as the reputation they have gained, Plaintiff and its products have become targets for unscrupulous individuals and entities who wish to take a free ride on both the goodwill, reputation and fame Plaintiff has spent considerable effort to build up in its products and marks, and the works embodied in Plaintiff's software products.

22. A large number of individuals and entities deal in unauthorized, pirated and counterfeit ADOBE®-branded software products and other products and services, including the famous ACROBAT® products. Their actions vary and include manufacturing, copying, exporting, importing, advertising, promoting, selling, and distributing counterfeit and otherwise unauthorized products.

23. Plaintiff investigates and enforces against such activity, and through such efforts learned of Defendants, and Defendants' actions, advertising, sales and infringing conduct.

Defendants own and operate an interactive Internet website, www.mychoicesoftware.com ("mychoicesoftware.com"), offering for sale various software products, including altered, unauthorized and/or counterfeit ADOBE®-branded software products.

### Plaintiff's "Adobe Partner Connection Reseller Program"

24. Plaintiff is aware that its customers rely on software resellers to provide them not only with products but also with dependable, reliable and competent advice on the features and benefits of ADOBE® products and on their specific suitability to address business challenges.

25. Defendants entered into an Adobe Partner Connection Program Reseller Agreement ("APCPRA") with Plaintiff as part of Plaintiff's Adobe Partner Connection Reseller Program. A true and correct copy of the confidential terms of the APCPRA between Plaintiff and Defendants will be attached hereto as **Exhibit C** upon the Court's granting of an order to file under seal.

26. Defendants breached the terms of the APCPRA by: (i) ordering ADOBE® ACROBAT® software products from unauthorized distributers; (ii) offering for sale, selling, and distributing licenses for counterfeit and/or unauthorized original equipment manufacturer software products; and (iii) offering for sale, selling, and distributing electronic software downloads without a license.

### Defendants' Dealings in Counterfeit/Unauthorized ADOBE® ACROBAT® Original Equipment Manufacturer ("OEM") Software Products & Unauthorized Sale of ADOBE® ACROBAT® Electronic Software Downloads ("ESD") without a License

27. Defendants are not authorized distributors or resellers of ESD of Plaintiff's software products.

28. On or about October 9, 2013, Plaintiff's investigator purchased a purported Adobe Acrobat X Standard - PC - OEM Download from Defendant My Choice Software's website, mychoicesoftware.com, for a cost of $97.41.

29. Defendants provided Plaintiff's investigator with download installation instructions and a serial number to activate the download.

/ / /

1    30.    Plaintiff has confirmed that the serial number provided by Defendants for the ESD purchased was unauthorized OEM product not for resale.

31.    By these sales and on information and belief, Defendants have advertised, marketed, offered to sale, sold and distributed numerous counterfeit and unauthorized softwares that infringe on Plaintiff's trademarks and copyrights. Defendants other numerous dealings in counterfeit and unauthorized product (including importing, advertising, displaying, distributing, selling and/or offering to sell counterfeit and unauthorized product) violate Plaintiff's exclusive rights in its copyrighted material, and use images and marks that are confusingly similar to, identical to, and/or constitute counterfeit reproductions of Plaintiff's trademarks to confuse consumers and aid in the promotion and sales of its unauthorized product.  Defendants' conduct and use began long after Plaintiff's adoption and use of its ADOBE® and ACROBAT® trademarks, after Plaintiff obtained the copyright and trademark registrations alleged above, and after Plaintiffs marks became famous.  Indeed, Defendants had knowledge of Plaintiff's ownership of the marks, and of the fame in such marks, prior to the actions alleged herein, and adopted them in bad faith and with intent to cause confusion and dilute Plaintiff's marks.

32.    Defendants' actions were committed in bad faith and with the intent to dilute Plaintiff's marks, and to cause confusion and mistake, and to deceive the consuming public and the public at large as to the source, sponsorship and/or affiliation of Defendants, and/or Defendants' counterfeit and unauthorized goods. By their wrongful conduct, Defendants have traded upon and diminished Plaintiff's goodwill.

33.    In committing these acts, Defendants have, among other things, willfully and in bad faith committed the following, all of which has and will continue to cause irreparable harm to Plaintiff:  (i) infringed and diluted Plaintiff's rights in the ADOBE® and ACROBAT® marks; (ii) infringed Plaintiff's copyrights; (iii) applied counterfeit marks; (iv) misled the public into believing there is an association or connection between Defendants and Plaintiff and/or the products advertised and sold by Defendants and Plaintiff; (v) used false designations of origin on or in connection with its goods and services; (vi) committed unfair competition; (vii) and unfairly profited from such activity.  Unless enjoined, Defendants will continue to cause

- 7 -
**COMPLAINT FOR DAMAGES**

irreparable harm to Plaintiffs.

## FIRST CAUSE OF ACTION

**(Infringement of Registered Trademarks Against Defendant My Choice Software, LLC, and Does 1-10, Inclusive)**

**[15 U.S.C. §1114/Lanham Act §32(a)]**

34. Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-33.

35. Plaintiff has continuously used its ADOBE® and ACROBAT® marks in interstate commerce since at least as early as 1993.

36. Plaintiff, as the owner of all right, title and interest in and to the ADOBE® and ACROBAT® marks, has standing to maintain an action for trademark infringement under the Trademark Statute 15 U.S.C. §1114.

37. Defendants are and at the time of their actions complained of herein were actually aware that Plaintiff is the registered trademark holder of the ADOBE® and ACROBAT® marks (*see* non-exhaustive list of Plaintiff's trademark registrations attached hereto as **Exhibit A**).

38. Defendants did not and failed to obtain the consent or authorization of Plaintiff as the registered owner of the marks to deal in and commercially distribute, market and sell ADOBE® ACROBAT® software products bearing Plaintiff's ADOBE® and ACROBAT® marks into the stream of commerce.

39. Defendants intentionally and knowingly used in commerce the reproductions, counterfeits, copies, and/ or colorable imitations of Plaintiff's registered marks in connection with the sale, offering for sale, distribution, or advertising of Defendant's goods by offering, advertising, promoting, retailing, selling, and distributing counterfeit and/or unauthorized ADOBE® ACROBAT® software bearing the ADOBE® and ACROBAT® marks.

40. Defendants reproduced, counterfeited, copied, and colorably imitated Plaintiff's registered ACROBAT® and ADOBE® marks and applied such reproductions, counterfeits, copies, or colorable imitations to labels, signs, prints, packages, wrappers, receptacles and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, and/or advertising of goods. Defendants thereupon offered, advertised,

1 promoted, retailed, sold, and distributed counterfeit ACROBAT® software bearing the
2 ACROBAT® and ADOBE® and marks.

3      41.    Defendants' egregious and intentional use and sale of fake, pirated and counterfeit
4 items bearing Plaintiff's trademarks is likely to cause confusion, or to cause mistake, or to
5 deceive, mislead, betray, and defraud consumers who believe that Defendants' items are
6 authentic products manufactured by Plaintiff.

7      42.    Defendants' acts have been committed with knowledge of Plaintiff's exclusive
8 rights and goodwill in the marks, as well as with bad faith and the intent to cause confusion or to
9 cause mistake and to deceive.

10      43.    Plaintiff has suffered and will continue to suffer substantial and irreparable injury,
11 loss and damage to its rights in and to the ADOBE® and ACROBAT® marks and the goodwill
12 associated therewith, for which it has no adequate remedy at law; thus Plaintiff requests
13 injunctive relief.

14      44.    Defendants' continued and knowing use of Plaintiff's marks without Plaintiff's
15 consent or authorization constitutes intentional infringement of Plaintiff's federally registered
16 trademarks in violation of Section 32 of the *Lanham Act*, 15 *U.S.C.* §1114.  Based on such
17 conduct, Plaintiff is entitled to injunctive relief as well as monetary damages, and other remedies
18 provided by section 1116, 1117, and 1118, including Defendants' profits, treble damages,
19 reasonable attorneys' fees, costs and prejudgment interest.

20 <center>**SECOND CAUSE OF ACTION**</center>
21 <center>**(False Designation of Origin / False or Misleading Advertising / Unfair Competition**</center>
22 <center>**Against Defendant My Choice Software, LLC, and Does 1-10, Inclusive)**</center>
23 <center>**[15 U.S.C. §1125(a)/Lanham Act §43(a)]**</center>

24      45.    Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-44.
25      46.    Plaintiff, as the owner of all common law right, title, and interest in and to the
26 ADOBE® and ACROBAT® marks, has standing to maintain an action for false designation of
27 origin and unfair competition under the Federal Trademark Statute, Lanham Act section 43(a)
28 (15 U.S.C. §1125).  Plaintiff's ADOBE and ACROBAT marks are inherently distinctive

<center>- 9 -
**COMPLAINT FOR DAMAGES**</center>

and/or have acquired distinctiveness.

47.     Defendants have without authorization, on or in connection with its goods and services, used in commerce marks that are confusingly similar to the ADOBE® and ACROBAT® marks, and/or has made false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection or association of Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of Defendants' goods or services or commercial activities.

48.     Defendants' conduct described above violates the Lanham Act, and Defendants have unfairly competed with and injured and, unless immediately restrained, will continue to injure Plaintiff, causing damage to Plaintiff in an amount to be determined at trial, and will cause irreparable injury to Plaintiff's goodwill and reputation associated with the value of Plaintiff's mark.

49.     On information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive and in blatant disregard of Plaintiff's rights.

50.     Defendants knew or, by the exercise of reasonable care, should have known that their adoption and commencement of use in commerce and continuing use of marks that are confusingly similar to and constitute a counterfeit reproduction of Plaintiff's marks would cause confusion, mistake, or deception among purchasers, users and the public.

51.     Defendants' egregious and intentional use and sale of fake, pirated and counterfeit items bearing Plaintiff's trademarks unfairly competes with Plaintiff and is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine ADOBE® ACROBAT® software.

52.     Defendants' continuing and knowing use of Plaintiff's mark constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), causing Plaintiff to suffer substantial and irreparable injury for which it has no adequate remedy at law.

/ / /

- 10 -
**COMPLAINT FOR DAMAGES**

53. Defendants' wrongful conduct has permitted or will permit it to make substantial sales and profits on the strength of Plaintiff's marketing, advertising, sales and consumer recognition. As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of sales of its ACROBAT® product in an amount as yet unknown but to be determined at trial, and has been deprived and will be deprived of the value of its marks as commercial assets in an amount as yet unknown but to be determined at trial. Plaintiff seeks an accounting of Defendants' profits, and requests that the Court grant Plaintiff three times that amount in the Court's discretion.

54. Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief as well as monetary damages, and other remedies as provided by the Lanham Act, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

## THIRD CAUSE OF ACTION

### (Dilution Against Defendant My Choice Software, LLC, and Does 1-10, Inclusive)

### [15 U.S.C. §1125(c)]

55. Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-54.

56. Plaintiff's ADOBE® and ACROBAT® marks are distinctive and famous within the meaning of the Lanham Act.

57. Upon information and belief, Defendants' unlawful actions began long after Plaintiff's mark became famous, and Defendants acted knowingly, deliberately and willfully with the intent to trade on Plaintiff's reputation and to dilute Plaintiff's mark. Defendants' conduct is willful, wanton and egregious.

58. Defendants' intentional sale of fake, pirated and counterfeit items bearing Plaintiff's marks is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine ACROBAT® software. The actions of Defendants complained of herein have diluted and will continue to dilute Plaintiff's marks, and are likely to impair the distinctiveness, strength and value of Plaintiff's marks, and injure the business reputation of Plaintiff and its marks.

///

**COMPLAINT FOR DAMAGES**

59. Defendants' acts have caused and will continue to cause Plaintiff irreparable harm. Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

60. As the acts alleged herein constitute a willful violation of section 43(c) of the Lanham Act, 15 U.S.C. section 1125(c), Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§1116, 1117, 1118, and 1125(c), including Defendants' profits, treble damages, reasonable attorney's fees, costs and prejudgment interest.

## FOURTH CAUSE OF ACTION

**(Federal Copyright Infringement Against Defendant My Choice Software, LLC, and Does 1-10, Inclusive)**

**[17 U.S.C. §501(a)]**

61. Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-60.

62. Plaintiff is the exclusive owner of copyrights in and related to its ADOBE® ACROBAT® software products and possesses copyright registrations with the United States Copyright Office relating to the same.

63. Defendants did not seek and failed to obtain Plaintiff's consent or authorization to utilize, manufacture, reproduce, copy, display, prepare derivative works, distribute, sell, transfer, rent, perform, and/or market Plaintiff's copyright-protected materials.

64. Without permission, Defendants intentionally and knowingly reproduced, counterfeited, copied, displayed, and/or manufactured Plaintiff's protected works by offering, advertising, promoting, retailing, selling, distributing counterfeit ADOBE® ACROBAT® software which are at a minimum substantially similar to Plaintiff's copyright protected works (*see* non-exhaustive list of Plaintiff's copyright registrations attached hereto as **Exhibit B**).

65. Defendants' acts as alleged herein, constitute infringement of Plaintiff's copyright, including Plaintiff's exclusive rights to reproduce, distribute and/or sell such protected material.

/ / /

1   66. Defendants' knowing and intentional copyright infringement as alleged herein has caused and will continue to cause substantial and irreparable harm to Plaintiff and has and will continue to cause damage to Plaintiff.  Plaintiff is therefore entitled to injunctive relief, damages, Defendants' profits, increased damages, and reasonable attorney's fees and costs.

## FIFTH CAUSE OF ACTION

**(Unlawful, Unfair, Fraudulent Business Practices Against Defendant My Choice Software, LLC, and Does 1-10, Inclusive)**

[*California Business & Professions Code* **§17200** *et seq***.**]

67. Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-66.

68. By marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit ACROBAT product, Defendants have engaged in unfair competition including unlawful, unfair and fraudulent business practices in violation of the California Business and Professions Code §17200 *et seq*.

69. Defendants' marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit ACROBAT product is in violation and derogation of Plaintiff's rights and is likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of the goods of Defendant, thereby causing loss, damage and injury to Plaintiff and to the purchasing public.  Defendants' conduct was intended to cause such loss, damage and injury.

70. Defendants knew or by the exercise of reasonable care should have known that their marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit product would cause confusion mistake or deception among purchasers, users and the public.

71. By marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit versions of Plaintiffs marks and products, Defendants intended to and did induce and intends to and will induce customers to purchase its products by trading off the extensive goodwill built up by Plaintiff's in its marks.

**COMPLAINT FOR DAMAGES**

72. Upon information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard of Plaintiff's rights.

73. Defendants' wrongful conduct, as alleged above, has permitted and will permit them to make substantial sales and profits on the strength of Plaintiff's nationwide marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of substantial sales of its products in an amount as yet unknown but to be determined at trial, and has been and will be deprived of the value of its trademarks as commercial assets, in an amount as yet unknown but to be determined at trial.  Plaintiff seeks restitution in this matter, including an order granting Defendants' profits stemming from its infringing activity, and its actual and/or compensatory damages.

74. Plaintiff has no adequate remedy at law for Defendants' continuing violation of its rights set forth above.  Plaintiff seeks injunctive relief.

75. Plaintiff further requests a court order that an asset freeze or constructive trust be imposed over all monies in Defendants' possession which rightfully belong to Plaintiff.

## SIXTH CAUSE OF ACTION

**(Breach of Contract Against Defendant My Choice Software, LLC, and Does 1-10, Inclusive)**

76. Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-75.

77. Defendants entered into an APCPRA with Plaintiff as part of Plaintiff's Adobe Partner Connection Reseller Program.

78. The APCPRA provides clear and concise obligations and limitations regarding the acquisition, advertising, sale, and distribution of Plaintiff's softwares.

79. Defendants breached the APCPRA with Plaintiff by ordering ADOBE® ACROBAT® software products from unauthorized distributers, offering for sale, selling, and distributing licenses for counterfeit and/or unauthorized OEM software products, and offering for sale, selling, and distributing ESD without a license.

**COMPLAINT FOR DAMAGES**

1      80.     Defendants willful breach of the APCPRA has damaged Plaintiff entitling it to
2  damages and reasonable legal fees and costs.

3      WHEREFORE, Plaintiff Adobe Systems Incorporated prays for judgment against
4  Defendant My Choice Software, LLC, and Does 1-10, inclusive, and each of them, as follows:

A. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. §1114(a);

B. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for copyright infringement under 17 U.S.C. §501(a);

C. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

D. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. §1125(c);

E. In the alternative to actual damages and Defendants' profits for the infringement and counterfeiting of Plaintiff's trademark pursuant to the Lanham Act, for statutory damages pursuant to 15 U.S.C. §1117(c), which election Plaintiff will make prior to the rendering of final judgment;

F. In the alternative to actual damages and Defendants' profits pursuant to 17 U.S.C. §504(b), for statutory damages pursuant to 17 U.S.C. §504(c), which election Plaintiff will make prior to the rendering of final judgment;

G. For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *Business and Professions Code* §17200;

H. For consequential and compensatory damages;

I. For damages to be proven at trial for breach of contract;

J. For an injunction by this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any counterfeit product; the unauthorized use of any mark, copyright or other intellectual property right of

Plaintiff; acts of trademark infringement or dilution; acts of copyright infringement; false designation of origin; unfair competition; and any other act in derogation of Plaintiff's rights;

K. For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants' complied with their legal obligations, or as equity requires;

L. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff;

M. For destruction of the infringing articles in Defendants' possession under 15 U.S.C. §1118 and 17 U.S.C. §503;

N. For treble damages suffered by Plaintiff as a result of the willful and intentional infringements and acts of counterfeiting engaged in by Defendants, under 15 U.S.C. §1117(b);

O. For damages in an amount to be proven at trial for unjust enrichment;

P. For Plaintiff's reasonable attorney's fees;

Q. For all costs of suit; and

R. For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff ADOBE SYSTEMS INCORPORATED respectfully demands a trial by jury in this action.

DATED: May 6, 2014                                      JOHNSON & PHAM, LLP

By: /s/ Marcus F. Chaney, Esq.
Christopher D. Johnson, Esq.
Christopher Q. Pham, Esq.
Marcus F. Chaney, Esq.
Attorneys for Plaintiff
ADOBE SYSTEMS INCORPORATED

**COMPLAINT FOR DAMAGES**