**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MY CHOICE SOFTWARE, LLC, et al.,<br><br>　　　　Defendants. | Case No.  14-cv-02150-BLF<br><br>**ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL EXHIBIT C TO THE FIRST AMENDED COMPLAINT**<br><br>[Re:  ECF 23] |

Before the Court is Plaintiff Adobe Systems Inc.'s administrative motion to file under seal Exhibit C to its First Amended Complaint ("FAC").  *See* ECF 23.  Exhibit C is a reseller licensing agreement between Plaintiff and Defendant My Choice Software, LLC.

There is a "strong presumption in favor of access" to court records.  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).  A party moving to seal a court record must overcome this strong presumption by articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* (internal quotation marks and citations omitted).  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).[1]  In this

---

[1] The Ninth Circuit applies a lower "good cause" standard to motions to seal discovery documents attached to non-dispositive motions.  *Kamakana*, 447 F.3d at 1179-80.  "[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."  *Id.* at 1179.  The good cause standard does not apply here because the document at issue is an exhibit to the FAC which is directly relevant to the merits of Plaintiff's claims.

District, a party moving to seal court records also must demonstrate that the motion is "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Plaintiff submits the declaration of Christopher Q. Pham, which states that Exhibit C contains confidential licensing information related to Plaintiff's dealings with licensed resellers of its products. Pham Decl. ¶ 5. The declaration also states that the details of how Plaintiff administers its reseller licensing program is not generally known to the public, to Plaintiff's competitors, or to entities with which Plaintiff does business; that such details would be valuable to Plaintiff's competitors; and that Plaintiff's ability to negotiate and conduct business would be harmed if such details were made public. *Id.* ¶ 6-7. The Court has reviewed Exhibit C and is satisfied that it is subject to sealing under the standards set forth above. Defendants have not objected to Plaintiff's motion.

Accordingly, Plaintiff's administrative motion to file Exhibit C to the FAC under seal is GRANTED.

**IT IS SO ORDERED.**

Dated: October 31, 2014

_____
BETH LABSON FREEMAN
United States District Judge