1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

ADOBE SYSTEMS INCORPORATED,

Plaintiff,

v.

MY CHOICE SOFTWARE, LLC, et al.,

Defendants.

Case No.  14-cv-02150-BLF

**ORDER DENYING MOTION TO DISMISS; DENYING ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT; AND DENYING MOTION FOR TRANSFER**

[Re:  ECF 24]

Plaintiff Adobe Systems, Inc. ("Adobe") asserts trademark, copyright, and related claims against My Choice Software, LLC ("My Choice") and two of its part-owners, Nathan Mumme ("Mumme") and Daniel Parker ("Parker") (collectively, "Defendants"), based upon their alleged sales of pirated, counterfeit, and otherwise unauthorized Adobe software products.  Before the Court are (1) Defendants' motion to dismiss the operative first amended complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6); (2) Defendants' alternative motion for more definite statement under Federal Rule of Civil Procedure 12(e); and (3) Defendants' motion for transfer of venue to the Central District of California under 28 U.S.C. § 1404(a).  The Court has considered the briefing and the oral argument presented at the hearing on November 13, 2014.  For the reasons discussed below, the motion to dismiss is DENIED, the alternative motion for more definite statement is DENIED, and the motion for transfer is DENIED.

I.    **BACKGROUND**[1]

Adobe is a corporation organized under the laws of Delaware with its principal place of business in San Jose, California.  Adobe develops and distributes computer software.  It has

---

[1] The facts contained in the Background section are drawn from the FAC, the well-pled allegations of which are accepted as true for purposes of this motion.

1  gained significant common law trademark recognition of its ADOBE and ACROBAT marks, has

2  obtained registrations for its ADOBE and ACROBAT marks from the United States Patent and

3  Trademark Office, and has obtained registrations for copyrightable ADOBE ACROBAT software

4  and other software from the United States Copyright Office.[2]

5  My Choice is a limited liability company organized under the laws of California with its

6  principal place of business in Mission Viejo, California.  My Choice was authorized to distribute

7  Adobe's software under certain terms pursuant to an "Adobe Partner Connection Program Reseller

8  Agreement" ("Agreement").  *See* FAC Exh. C.[3]  Adobe claims that My Choice breached the

9  Agreement and infringed upon Adobe's trademarks and copyrights by ordering Adobe software

10  products from unauthorized distributers, selling licenses for counterfeit and/or unauthorized OEM

11  software products, and selling electronic software downloads without a license.  Adobe asserts the

12  following claims against My Choice, Mumme, and Parker:  (1) infringement of registered

13  trademarks under 15 U.S.C. § 1114; (2) false designation of origin, false or misleading

14  advertising, and unfair competition under 15 U.S.C. § 1125(a); (3) dilution under 15 U.S.C. §

15  1125(c); (4) copyright infringement under 17 U.S.C. § 501(a); (5) unlawful, unfair, and fraudulent

16  business practices under § 17200; and (6) breach of contract.

**II.  MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT**

**A.  Legal Standard**

**1.  Motion to Dismiss**

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a

claim upon which relief can be granted 'tests the legal sufficiency of a claim.'"  *Conservation

Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d

729, 732 (9th Cir. 2001)).  When determining whether a claim has been stated, the Court accepts

as true all well-pled factual allegations and construes them in the light most favorable to the

[2] Non-exhaustive lists of Adobe's trademark and copyright registrations are attached to the FAC as Exhibits A and B, respectively.

[3] Because the Agreement has been filed under seal, its terms are not discussed with specificity herein.

plaintiff.  *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).  However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted).  While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

### 2.    Motion for More Definite Statement

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e). "However, motions for a more definite statement are disfavored, and ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail."  *I.R. ex rel. Nava v. City of Fresno*, No. 1:12-CV-00558 AWI GSA, 2012 WL 3879974, at *1 (E.D. Cal. Sept. 6, 2012) (internal quotation marks and citations omitted).  A Rule 12(e) motion must be denied "if the complaint is specific enough to notify defendant of the substance of the claim being asserted," or "if the detail sought by a motion for a more definite statement is obtainable through the discovery process."  *Id.*

### B.    Discussion

### 1.    Trademarks and Copyrights are Adequately Identified

Defendants argue that Claims 1-4, Adobe's trademark and copyright claims, "fail[] to identify the trademarks or copyrights that Defendants purportedly infringed upon."  Mot. at 3, ECF 24-1.  The Court disagrees.  The FAC alleges that on October 9, 2013, Adobe's investigator paid $97.41 to buy a purported "Adobe Acrobat X Standard - PC – OEM Download" from mychoicesoftware.com.  FAC ¶ 36, ECF 17.  The investigator was provided with installation instructions and a serial number to activate the download.  *Id.* ¶ 37.  The FAC alleges that the

United States District Court
Northern District of California

United States District Court
Northern District of California

1    serial number was an "unauthorized OEM product not for resale" and thus that the sale violated

2    Adobe's rights in its "A," "ADOBE," and "ACROBAT" word and design trademarks.  *Id.* ¶ 38.

3    The FAC identifies, by registration number, twenty-nine specific trademarks and one copyright

4    allegedly violated by the sale of the download to the investigator.  *Id.*  When Adobe conducted

5    further investigation regarding Defendants, it discovered facts leading it to believe that

6    Defendants' primary business is selling pirated and otherwise unauthorized downloads of Adobe's

7    products and, indeed, that Defendants entered into the Agreement with Adobe to give its activities

8    the appearance of legitimacy.  *Id.* ¶¶ 39-41.

9          The FAC describes several ways in which Defendants allegedly obtain pirated and

10   otherwise unauthorized versions of Adobe's software for resale to Defendants' customers.  For

11   example, it is alleged that Defendants illegally copy trial versions of Adobe's software and then

12   resell those trial versions as fully functioning versions to My Choice customers.  *Id.* ¶¶ 42-46.

13   Defendants also allegedly sell OEM software directly to customers in violation of the Agreement,

14   which provides that the software is to be provided only in bundled sales with new purchases of

15   specific hardware.  *Id.* ¶ 47.  In addition, Defendants allegedly sell EDU products, which are to be

16   provided only to certain qualifying customers, to any customers who request them.  *Id.* ¶ 48.  The

17   FAC alleges, on information and belief, that in addition to the trademarks and copyrights

18   identified in paragraph 38, Defendants' may have infringed Adobe's rights in other trademarks

19   and copyrights, including those listed in Exhibits A and B to the FAC.  *Id.* ¶ 38.

20         These allegations are more than adequate.  Defendants' argument that Adobe has identified

21   too many trademarks and copyrights is unpersuasive.  This case is wholly distinguishable from

22   *Four Navy Seals v. Associated Press*, 413 F. Supp. 2d 1136, 1148 (S.D. Cal. 2005), relied upon by

23   Defendants, in which the court found inadequate an allegation that "at least one unidentified

24   photograph" out of a pool of 1,800 photographs had "been copyrighted by an unidentified 'NAVY

25   SEAL ONE."  Here, Adobe has provided the registration numbers of twenty-nine trademarks and

26   one copyright that Adobe contends were infringed by Defendants' sale of a particular download to

27   Adobe's investigator.  To the extent that Defendants contend that not all of the identified

28   registration numbers actually relate to the downloaded Acrobat X product purchased by the

4

investigator, that is a factual challenge to the FAC that is not appropriately raised in the context of a Rule 12(b)(6) motion.  Moreover, Defendants have not demonstrated any impropriety in Adobe's inclusion of appendices listing trademark and copyright registration numbers that it believes Defendants may have infringed in *other* transactions.  The inclusion of those appendices does not render any less definite Adobe's allegations regarding the download purchased by its investigator, and it puts Defendants on notice that Adobe will be seeking information during discovery regarding what Adobe believes to be extremely egregious and widespread infringement of its rights by Defendants.  Adobe has described several methods by which it believes Defendants have obtained and improperly resold Adobe software products.  The fact that the precise scope of Defendants' misconduct (if any) remains to be fleshed out in discovery does not render the FAC inadequate.

Accordingly, Defendants' motion to dismiss and alternative motion for a more definite statement based upon Adobe's asserted failure to identify the relevant trademarks and copyrights are DENIED.

### 2.        Breach of the Agreement is Adequately Alleged

Defendants argue that Claims 5-6, for violation of California's UCL and breach of contract, respectively, "fail[] to define the nature of the breach giving rise to the purported unfair business practices in which Defendant allegedly engaged."  Mot. at 4, ECF 24-1.  As an initial matter, it is unclear why Defendants believe that a failure to allege breach of contract would be dispositive of Adobe's UCL claim.  In order to state a claim for relief under the UCL, Adobe must allege facts showing that Defendants engaged in an "unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  "Because the statute is written in the disjunctive, it is violated where a defendant's act or practice violates any of the foregoing prongs."  *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1168 (9th Cir. 2012).  Adobe adequately has alleged claims of unlawful conduct under the Lanham Act and the Copyright Act, as discussed above, and thus it has alleged a violation of the UCL.  Moreover, although the FAC does not identify the specific sections of the Agreement breached by Defendants' conduct, the FAC identifies that conduct with specificity.  *See* FAC ¶¶ 35-48.  Even a cursory review of the Agreement makes clear that

United States District Court
Northern District of California

5

1    Defendants' alleged piracy and otherwise unauthorized distribution of Adobe's software

2    constitutes breach.  Defendants' contentions that they cannot understand the nature of Adobe's

3    contract claim is not persuasive.

4           Accordingly, Defendants' motion to dismiss and alternative motion for a more definite

5    statement based upon Adobe's asserted failure to identify the nature of the alleged breach of

6    contract are DENIED.

7                          **3.      Allegations of Alter Ego are Sufficient**

8           Defendants argue that the FAC "fails to offer any facts to establish personal liability for the

9    Individual Defendants, Nathan Mumme and Daniel Parker."  Mot. at 7, ECF 24-1.  While the FAC

10   does not use the phrase "alter ego," that clearly is the basis upon which Adobe asserts liability

11   against Mumme and Parker.  Under California law,[4] alter ego liability is recognized "where two

12   conditions are met:  First, where there is such a unity of interest and ownership that the

13   individuality, or separateness, of the said person and corporation has ceased; and, second, where

14   adherence to the fiction of the separate existence of the corporation would . . . sanction a fraud or

15   promote injustice."  *In re Schwarzkopf*, 626 F.3d 1032, 1038 (9th Cir. 2010) (internal quotation

16   marks and citation omitted).  "A member of a limited liability company shall be subject to liability

17   under the common law governing alter ego liability."  Cal. Corp. Code § 17703.04(b).  The FAC

18   alleges that Mumme and Parker are part-owners and officers of My Choice, and that they

19   personally directed the software piracy alleged in this case.  FAC ¶¶ 7, 9, 43, 49.  The FAC also

20   alleges that My Choice is undercapitalized, does not have sufficient funding to meet its liabilities,

21   and "has failed to observe corporate formalities required by law."[5]  *Id.* ¶¶ 3-5.  While these

22   allegations certainly could be more robust, they give fair notice to Mumme and Parker with

23   respect to Adobe's theory of liability against them.

24          Defendants' motion to dismiss the claims against Mumme and Parker is DENIED.

25   _____

26   [4] "In determining whether alter ego liability applies, we apply the law of the forum state."  *In re Schwarzkopf*, 626 F.3d 1032, 1037 (9th Cir. 2010).

27   [5] The Court construes Adobe's allegation that My Choice has not observed "corporate" formalities

28   to be an allegation that My Choice has not observed the legal formalities attendant upon its formation as a limited liability company.

United States District Court
Northern District of California

United States District Court
Northern District of California

### III.   MOTION FOR TRANSFER

Defendants request that the Court transfer this action to the Central District of California. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).  The action could have been brought in the Central District, because My Choice's headquarters are located there, meaning that the alleged pirating of Adobe's software presumably occurred there.  *See* 28 U.S.C. § 1391(b)(2) (providing that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

"A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).  "For example, the court may consider:  (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Id.* at 498-99.  Of particular note here, "the presence of a forum selection clause is a 'significant factor' in the court's § 1404(a) analysis." *Id.* at 499.  The public policy of the forum state, if any, also is a significant factor. *Id.*

In the present case, the Agreement between Adobe and My Choice contains a forum selection clause specifying state or federal courts located in Santa Clara County.  That clause must be given significant weight.  Mumme and Parker argue that they were not signatories to the Agreement, and thus cannot be bound by the forum selection clause.  However, if Mumme and Parker indeed are alter egos of My Choice, they properly are bound by the forum selection clause.

Even putting aside the forum selection clause, Defendants have not made the necessary "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  While Defendants

7

assert in their briefs that the Central District would be more convenient for them and "witnesses,"
they have not submitted any declarations identifying said witnesses or otherwise supporting their
conclusory assertion.  Moreover, Defendants' motion ignores the fact that Adobe's chosen forum
is only a short flight or drive away from the proposed forum.  Defendants assert that key evidence
is located in the Central District but, again, they do not submit a declaration in support of that
assertion.  Given Defendants' failure to demonstrate why the Court should not honor the forum
selection clause and Adobe's choice of forum, the Court need not address the remaining *Jones*
factors.  The Court notes, however, that Defendants have not demonstrated that any of those
factors favor transfer.

Accordingly, the motion to transfer venue is DENIED.

## IV.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1)     The motion to dismiss is DENIED;

(2)     The alternative motion for more definite statement is DENIED; and

(3)     The motion to transfer is DENIED;

Dated:  November 14, 2014

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

8